AKERMAN LLP
Michael Gallion (SBN 189128)
David Van Pelt (SBN 163690)
Brian M. Noh (SBN 293564)
601 West Fifth Street, Suite 300
Los Angeles, California 90071
Telephone: (213) 688-9500
Facsimile: (213) 627-6342
Email: michael.gallion@akerman.com
david.vanpelt@akerman.com
brian.noh@akerman.com

Attorneys for Defendant
HARRIS REBAR SERVICES CORPORATION

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

CARLOS GALINDO, an individual,

Plaintiff,

v.

HARRIS REBAR SERVICES CORP., a Delaware Corporation; and DOES 1 through 5, inclusive,

Defendant.

Case No. '20CV1177 JM MDD
(San Diego County Superior Court, Case No. 37-2020-00015722-CU-WT-CTL)

**NOTICE OF REMOVAL FROM THE SUPERIOR COURT OF CALIFORNIA FOR THE COUNTY OF SAN DIEGO BY DEFENDANT HARRIS REBAR SERVICES CORP.**

Complaint Filed: May 26, 2020

**TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Harris Rebar Services Corp. ("Harris Rebar") hereby removes the above-entitled action from the Superior Court of the State of California in and for the County of San Diego, to the United States District Court for the Southern District of California. This Court has original subject matter jurisdiction over Plaintiff's lawsuit under 28 U.S.C. § 1332(a) because complete diversity exists and

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

the amount in controversy exceeds $75,000. Accordingly, removal is proper based on the following grounds:

**BACKGROUND**

***COMPLETE DIVERSITY EXISTS***

On or about May 26, 2020, Plaintiff Carlos Galindo ("Plaintiff') filed a Complaint against Harris Rebar in the Superior Court of the State of California, County of San Diego, Case No. 37-2020-00015722-CU-WT-CTL (the "Complaint"). A true and correct copy of the Summons and Complaint is attached hereto as **Exhibit "A."**

The Complaint purports to assert claims for relief arising out of Plaintiff's employment with Harris Rebar. Plaintiff alleges that he was harassed, discriminated and retaliated against, and terminated as a result of his age and/or disability. Specifically, Plaintiff brings claims for: (1) age discrimination under the Fair Employment and Housing Act ("FEHA"); (2) disability discrimination under FEHA; (3) harassment and retaliation under FEHA; (4) failure to prevent discrimination under FEHA; (5) failure to accommodate and failure to engage in the interactive process under FEHA; (6) wrongful termination in violation of public policy; and (7) intentional infliction of emotional distress.

**TIMELINESS OF REMOVAL**

Plaintiff served Harris Rebar with a copy of the Complaint on May 28, 2020. A true and correct copy of the Proof of Service is attached as **Exhibit "B."**

This Notice of Removal is timely, as it is filed within thirty (30) days of the first receipt by a defendant of a copy of a paper (in this case, the Complaint) that revealed this case was properly removable. 28 U.S.C. § 1446(b).

**DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332(A)**

**Plaintiff's Citizenship**: Plaintiff is a citizen of the State of California. To establish citizenship for diversity purposes, a natural person must be both (a) a citizen of the United States and (b) a domiciliary of one particular state. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A natural person's state citizenship

is determined by his state of domicile. A person's domicile is his permanent home, where he resides with the intention to remain or to which he intends to return. *See Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). Plaintiff is a citizen of California because he resides in California. Plaintiff pleads that "Plaintiff [] is and at all relevant times mentioned herein, was an individual residing in the County of San Diego, State of California."[1] Plaintiff, therefore, is a citizen of California.

**Harris Rebar's Citizenship**: The defendant here, Harris Rebar Services Corp., is a citizen of Delaware, not California. Pursuant to 28 U.S.C. Section 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." Defendant is now, and ever since this action commenced has been, incorporated under the laws of the State of Delaware, with its principal place of business in Hamilton, Ontario. Further, Harris Rebar has registered its state of incorporation (Delaware) and principal place of business (Ontario, Canada) with the California Secretary of State -- Entity Number C3717600. Thus, Harris Rebar is a citizen of Delaware and Canada, and complete diversity exists in this case.

**Doe Defendants:** Pursuant to 28 U.S.C. Section 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. Section 1332. *Fristos v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition). Thus, the existence of Doe defendants 1 through 50, inclusive, does not deprive this Court of jurisdiction.

***AMOUNT IN CONTROVERSY EXCEEDS $75,000***

This action is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, and accordingly, this Court has original jurisdiction under 28 U.S.C. §§ 1332(a).

[1] Complaint, ¶ 1.

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**Alleged Lost Wages:** Plaintiff alleges that, as a result of Harris Rebar's alleged discrimination, harassment, retaliation, intentional infliction of emotional distress, failure to prevent discrimination, failure to accommodate and engage in the interactive process, and wrongful termination, Plaintiff is entitled to "lost wages, promotional opportunities, benefits and other opportunities for employment," and other compensatory damages according to proof."[2] Plaintiff pleads that he began working at Harris Rebar in or about August 1, 2017.[3] He further pleads that his employment was terminated in or about October 4, 2019.[4] Thus, at the time Plaintiff's employment terminated, he had been employed at Harris Rebar for over 2 years. At the time of his termination of employment Plaintiff earned approximately $98,400.00 per year.[5] Plaintiff has not pleaded that he has obtained alternative employment. As such, assuming it is another one and a half years before this matter is resolved at trial or otherwise, Plaintiff's claimed lost earnings alone will exceed $140,000. On this basis, it is more likely than not that this case presents an amount in controversy in excess of $75,000.

**Alleged Emotional Distress Damages:** In addition, Plaintiff alleges that as a result of Harris Rebar's conduct, Plaintiff "will continue to suffer sever and permanent humiliation, mental pain and anguish, and will continue to live in a constant state of emotional tension and distress."[6] Plaintiff prays for mental and emotional distress damages.[7] The emotional distress component of Plaintiff's alleged damages must be considered in determining whether the amount in controversy requirement has been established. *See Kroske v. U.S. Bank Corp.*, 432 F. 3d 976, 980 (9th Cir. 2005). Further,

---

[2] Prayer for Relief ¶ 1.

[3] Complaint ¶ 13.

[4] Complaint ¶ 25.

[5] There is no requirement at the removal stage to attach evidence to support the allegations in the removal. Rather, removal is governed by Rule 8 requiring only a "short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553 (2014).

[6] Complaint ¶ 92.

[7] Prayer for Relief ¶ 2.

a defendant may use damage awards in other cases as a reference point to establish that the amount in controversy exceeds $75,000. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002). Juries in California have awarded damages for emotional distress that meet or exceed the jurisdictional limit in disability discrimination cases, as illustrated by the following:

- *Li v. Wyndham Vacation Ownership, Inc., et al.*, (Sept. 15, 2010; Contra Costa County Superior Court, Case No. C05-01991). The plaintiff, a salesperson, alleged that following a medical leave he was demoted, and eventually forced to resign. The jury awarded him $346,000: $75,000 (emotional distress), $21,000 (past lost earnings), and $250,000 (punitive damages).
- *Amigon v. Cobe Color Cosmetics*, (April 15, 2009, LASC, Case No. BC378685). The plaintiff was terminated after taking time off from work due to a disability. Finding the plaintiff's leave as the motivating reason for her termination, a jury awarded the plaintiff $78,000: $25,000 (non-economic damages), $1,000 (economic damages), and $52,000 (punitive damages).
- *Perry v. eGumball, Inc., et al.*, (June 18, 2015, Orange County Superior Ct., Case No 30-2013-0069286-CU-WT-CJC). The plaintiff was terminated upon return from maternity leave after informing her employer she required two accommodations: (1) a private office; and (2) that the CEO inform her colleagues she had lost the baby. The jury awarded the plaintiff $537,719: $100,000 (emotional distress), $15,000 (past wages), $22,719 (future economic loss), $400,000 (punitive damages).

In fact, juries in California can be generous in their awards for emotional distress damages, even where economic damages are comparatively low. *Ponce v. Medical Eyeglass Center*, 2015 WL 4554336, * 2 (C.D. Cal. July 27, 2015) (Holding that emotional distress damages in California for wrongful termination in violation of public policy and discrimination under FEHA can be large relative to the underlying economic damages). Thus, if Plaintiff is able to prove his claims at trial, it is reasonable to

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

conclude that Plaintiff will seek, and a jury may award, in excess of $75,000 for emotional distress damages alone. Thus, on this basis alone, it is more likely than not that this case presents an amount in controversy in excess of $75,000.

**Attorneys' Fees**: The Complaint also alleges that Plaintiff is entitled to attorneys' fees, which are recoverable by prevailing parties in FEHA actions.[8] These potential fees constitute additional grounds for finding that the instant action presents an amount in controversy in excess of $75,000. "[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998).

California courts have held that, for the purposes of calculating the amount in controversy under diversity jurisdiction, post-removal attorneys' fees should be considered. *Sasso v. Noble Utah Long Beach, LLC*, 2015 WL 898468 , at *5 (C.D. Cal. Mar. 3, 2015) ("The Court believes that, when authorized by an underlying statute, the better view is to consider post-removal attorneys' fees because they are part of the total 'amount at stake.'"); *Ponce*, 2015 WL 4554336 (finding the *Simmons* court's reasoning persuasive and applying the formula provided by *Sasso* to calculate a conservative estimate for attorneys' fees); *Stainbrook v. Target Corp.*, 2016 WL 3248665 at *5-6 (C.D. Cal. June 8, 2016). In *Sasso*, the court applied a formula used by other California federal courts when calculating attorneys' fees for removal purposes. 2015 WL 898468 at *6; *accord Stainbrook*, 2016 WL 3248665 at *6; *Aguilar v. Wells Fargo Bank, N.A.*, 2015 WL 6755199 at *7 (C.D. Cal. Nov. 4, 2015).

This Court and others have held that a reasonable rate for employment cases is $300 per hour," and that "[r]ecent estimates for the number of hours expended through trial for employment cases in this district have ranged from 100 to 300 hours." Therefore, 100 hours is an appropriate and conservative estimate. Accordingly,

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

---

[8] Complaint ¶¶ 35, 43, 60, 70, 79; Prayer ¶ 6.

attorneys' fees in this case may reasonably be expected to equal at least $30,000 (100 hours x $300 per hour).

Even a conservative estimation of attorneys' fees at $30,000, when viewed in combination with alleged compensatory, punitive and emotional distress damages, would present an amount in controversy that far exceeds the jurisdictional minimum. *See, e.g., Lelkir v. Rancho Los Amigos/County of Los Angeles,* Los Angeles Superior Court Case No. BC412351 (verdict June 15, 2010) (court awards plaintiff's attorneys' fees in the amount of $171,918); *Mangold v. Calif. Public Utilities Comm'n.,* 67 F.3d 1470 (9th Cir. 1995) (affirming attorneys' fees award of $724,380.00 in two-plaintiff age discrimination case brought under FEHA).

**Punitive Damages:** The Complaint also alleges that Plaintiff is entitled to recover punitive damages.[9] Although Harris Rebar denies that punitive damages (or any damages, for that matter) could be warranted in this case, punitive damages are considered when determining the amount in controversy. *Simmons,* 209 F. Supp. 2d at 1033 (recognizing that jury verdicts in other similar cases in California "amply demonstrate the potential for large punitive damage awards in employment discrimination cases."). To establish probable punitive damages, defendant may introduce evidence of jury verdicts in cases involving analogous facts. *Id.* The jury verdicts in the following cases amply demonstrate the potential for large punitive damage awards in employment disability discrimination cases:

- *Romero v. Leon Max Inc. d/b/a MaxStudio et al*. (Nov. 2, 2009; LASC Case No BC400145). The plaintiff, a sales representative, claimed that he had a physical disability which prevented her from walking or standing for long periods of time, and that he requested accommodations that the defendant retailer refused to provide. Plaintiff further alleged that he was forced to resign because he could not continue to work in violation of medical restrictions. A Los Angeles jury

[9] Complaint ¶¶ 34, 44, 61, 71, 80, 88, 94; Prayer ¶ 7.



AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

awarded Plaintiff $56,359: $50,000 (punitive damages) and $6,359 (past economic damages).

- *Li v. Wyndham Vacation Ownership, Inc., et al.* (Sept. 15, 2010; Contra Costa County Superior Ct. Case No. C05-01991). As set forth above, the plaintiff was awarded $250,000 in punitive damages where her past lost earnings were only $21,000.
- *Amigon v. Cobe Color Cosmetics* (April 15, 2009; LASC Case No. BC378685). As set forth above, the plaintiff was awarded $52,000 in punitive damages where her compensatory damages were only $1,000.
- *Perry v. eGumball, Inc., et al.,* (June 18, 2015; Orange County Superior Ct. Case No 30-2013-0069286-CU-WT-CJC). As set forth above, the plaintiff was awarded $400,000 in punitive damages where her compensatory damages were only $37,719.

Based on the foregoing, there is ample evidence that the amount in controversy, based on the totality of Plaintiff's claims and prayer for relief, significantly exceeds the $75,000 jurisdictional threshold.

**VENUE**

Venue lies in the Southern District of California pursuant to 28 U.S.C. Section 1441, 1446(a), and 84(d). This action originally was brought in the Superior Court of the State of California, County of San Diego, and the Complaint reveals that the conduct in question took place in the County San Diego.[10]

[10] Complaint ¶ 11 ("[T]he obligations and liabilities of the Defendant arose within the county of San Diego").

AKERMAN LLP
601 WEST FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**NOTICE OF REMOVAL**

This Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California in and for the County of San Diego.

In compliance with 28 U.S.C. § 1446(a), true and correct copies of all "process, pleadings, and orders" from the state court action served on Harris Rebar or filed by Harris Rebar are attached hereto as the following exhibits: the Summons and Complaint (Exhibit A); the Proof of Service (Exhibit B); and Harris Rebar's Answer to the Complaint (Exhibit C), filed on June 25, 2020.

**WHEREFORE**, Harris Rebar requests that the above action pending before the Superior Court of the State of California for the County of San Diego be removed to the United States District Court for the Southern District of California.

DATED: June 26, 2020

**AKERMAN LLP**

By: */s/ Brian N. Noh*
Michael L. Gallion
David Van Pelt
Brian M. Noh
Attorneys for Defendant
HARRIS REBAR SERVICES CORPORATION

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California; I am over the age of 18 years and not a party to this action. My business address is 601 W. Fifth Street, Suite 300, Los Angeles, CA 90071.

On June 26, 2020, I served the following document(s) described as:

**NOTICE OF REMOVAL FROM THE SUPERIOR COURT OF CALIFORNIA FOR THE COUNTY OF SAN DIEGO BY DEFENDANT HARRIS REBAR SERVICES CORP.**

**CIVIL CASE COVER SHEET**

on the persons below as follows:

| Attorney | Telephone/ Facsimile/Email | Party |
|---|---|---|
| Joel D. Larabee, Esq.<br>Sarah Gallagher, Esq.<br>The Larabee Law Firm<br>8910 University Center Lane #400<br>San Diego, CA 92122 | Tele: (619)376-1777<br>Fax: (629)376-1778<br><br>Email: joel@larabeelaw.com<br><br>sgallagher@larabeelaw.com | *Attorney for Plaintiff* |

☒ (MAIL) I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Los Angeles, California.

☐ (OVERNIGHT DELIVERY) I deposited in a box or other facility regularly maintained by an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents, a true copy of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed as stated above, with fees for overnight delivery paid or provided for.

☐ (MESSENGER SERVICE) I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed and provided them to a professional messenger service for service. A separate Personal Proof of Service provided by the professional messenger service will be filed under separate cover.

☐ (PERSONAL/MESSENGER SERVICE) Delivery was made to the attorney or at the attorney's office by serving the documents in an envelope or package clearly addressed and identifying the attorney at the addresses listed above and/or by leaving with a receptionist or an individual in charge of the office.

☐ (FACSIMILE) Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

AKERMAN LLP
601 W. FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

☐ (E-MAIL or ELECTRONIC TRANSMISSION) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed above by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(d)(1). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(d)(1). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

☐ (ELECTRONIC FILING) First Legal Network filed and electronically transmitted the above document(s) to the office(s) of the addressee(s) listed above by electronic service at the e-mail address(es) set forth above.

☐ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction this service was made and that the foregoing is true and correct.

Executed on **June 26, 2020**, at Los Angeles, California.

Carol Corder
(Type or print name)

Carol Corder
(Signature)

AKERMAN LLP
601 W. FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342