# EXHIBIT A

05/28/2020
12:22

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

HARRIS REBAR SERVICES CORP., a Delaware corporation; and
DOES 1 THROUGH 5, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

CARLOS GALINDO, an individual

---

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**05/26/2020** at 08:00:00 AM

Clerk of the Superior Court
By Justin Jones, Deputy Clerk

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court - Central

330 W. Broadway, San Diego, CA 92101

**CASE NUMBER:**
*(Nº)* 37-2020-00015722-CU-WT-CTL

---

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Joel Larabee, The Larabee Law Firm, 8910 University Ctr Ln, Ste 400, San Diego, CA 92122 619-376-1777

| DATE: 05/27/2020 | Clerk, by | J. Jones | , Deputy |
|---|---|---|---|
| *(Fecha)* | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* HARRIS REBAR SERVICES CORP., a Delaware corporation

under: ☒ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

---

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Joel Larabee, Esq. (243117) Sarah Gallugher, Esq. (320487)<br>The Larabee Law Firm<br>8910 University Center Lane, Ste. 400<br>San Diego, CA 92122<br>TELEPHONE NO.: 619-376-1777    FAX NO.:<br>ATTORNEY FOR *(Name):* Carlos Galindo | **FOR COURT USE ONLY**<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>**05/26/2020 at 08:00:00 AM**<br><br>Clerk of the Superior Court<br>By Justin Jones, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS: 330 W. Broadway
CITY AND ZIP CODE: San Diego 92101
BRANCH NAME: Central

CASE NAME:
Galindo v. Harris Rebar Services Corp.

| CIVIL CASE COVER SHEET<br>[✓] Unlimited    [ ] Limited<br>(Amount    (Amount<br>demanded    demanded is<br>exceeds $25,000)    $25,000 or less) | **Complex Case Designation**<br>[ ] Counter    [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE ►<br>37-2020-00015722-CU-WT-CTL |
|---|---|---|
| | | JUDGE: Judge Ronald F. Frazier<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [✓] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action *(specify):* Seven (7)
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 20, 2020
Joel Larabee, Esq.
_____
(TYPE OR PRINT NAME)      ►      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)
**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract (*not unlawful detainer or wrongful eviction*)
Contract/Warranty Breach–Seller
Plaintiff (*not fraud or negligence*)
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage (*not provisionally complex*) (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
(*arising from provisionally complex case type listed above*) (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment (*non-domestic relations*)
Sister State Judgment
Administrative Agency Award
(*not unpaid taxes*)
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
Declaratory Relief Only
Injunctive Relief Only (*non-harassment*)
Mechanics Lien
Other Commercial Complaint
Case (*non-tort/non-complex*)
Other Civil Complaint
(*non-tort/non-complex*)
**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition (*not specified above*) (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

**CIVIL CASE COVER SHEET**

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | *FOR COURT USE ONLY* |
|---|---|
| STREET ADDRESS: 330 West Broadway | |
| MAILING ADDRESS: 330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME: Central | |

| PLAINTIFF(S): Carlos Galindo |
|---|
| DEFENDANT(S): Harris Rebar Services Corp. |
| SHORT TITLE: CARLOS GALINDO VS. HARRIS REBAR SERVICES CORP. [IMAGED] |

| STIPULATION TO USE ALTERNATIVE<br>DISPUTE RESOLUTION (ADR) | CASE NUMBER:<br>37-2020-00015722-CU-WT-CTL |
|---|---|

Judge: Ronald F. Frazier                                   Department: C-65

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)              ☐ Non-binding private arbitration

☐ Mediation (private)                      ☐ Binding private arbitration

☐ Voluntary settlement conference (private)   ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)             ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (*specify e.g., private mini-trial, private judge, etc.*): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: *(Name)* _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____                Date: _____

_____             _____
Name of Plaintiff                              Name of Defendant

_____             _____
Signature                                      Signature

_____             _____
Name of Plaintiff's Attorney                   Name of Defendant's Attorney

_____             _____
Signature                                      Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

IT IS SO ORDERED.

Dated: 05/27/2020                              _____
                                               JUDGE OF THE SUPERIOR COURT

| SDSC CIV-359 (Rev 12-10) | STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION | Page: 1 |
|---|---|---|

Joel D. Larabee, Esq. SB #243117
Sarah Gallagher, Esq. SB #320487
THE LARABEE LAW FIRM
8910 UNIVERSITY CENTER LANE, STE. 400
SAN DIEGO, CALIFORNIA 92122
TELEPHONE: (619) 376-1777
TELECOPIER: (619) 376-1778
JOEL@LARABEELAW.COM
SGALLAGHER@LARABEELAW.COM

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

**05/26/2020** at 08:00:00 AM

Clerk of the Superior Court
By Justin Jones, Deputy Clerk

Attorneys for Plaintiff,
**CARLOS GALINDO**

## IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| CARLOS GALINDO, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>HARRIS REBAR SERVICES CORP., a Delaware corporation; and DOES 1 THROUGH 5, inclusive,<br><br>    Defendant. | Case No.  37-2020-00015722-CU-WT-CTL<br><br>PLAINTIFF'S COMPLAINT FOR:<br><br>1. AGE DISCRIMINATION (Gov. Code § 12940(a), *et seq.*);<br>2. DISABILITY DISCRIMINATION (Gov. Code § 12940(a));<br>3. HARASSMENT AND RETALIATION; (Gov. Code § 12940(j));<br>4. FAILURE TO PREVENT DISCRIMINATION (Gov. Code § 12940(k));<br>5. FAILURE TO ACCOMMODATE AND FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS (Gov. Code §§ 12926.1(e), 12940(m), and 12940 (n)); and;<br>6. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;<br>7. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS. |

## PARTIES

1.     Plaintiff CARLOS GALINDO, is and at all relevant times mentioned herein, was an individual residing in the County of San Diego, State of California.

COMPLAINT

2.     Defendant HARRIS REBAR SERVICES CORP., (hereinafter "HARRIS" or "Defendant") is and at all relevant times mentioned herein was a Delaware corporation duly organized under the laws of the State of Delaware doing business in the County of San Diego, State of California. At all times relevant to the complaint, HARRIS REBAR SERVICES CORP.. met the requirements of FEHA to fall under its purview, including having five or more employees.

3.     Plaintiff is informed and believes and thereon allege that the defendant named herein as DOES are the agents, employers, representatives or employees of the other named defendants and when performing the acts alleged herein, were acting within the scope of their agency, employment and/or representative capacity and are therefore responsible for the acts complained of herein. Plaintiff is informed and believes and thereon allege that the fictitiously named defendant is responsible in some manner for the occurrences alleged and Plaintiff's injuries and damages as herein alleged are directly, proximately and/or legally caused by defendants and all of their acts.  Plaintiff will seek leave of court to amend this complaint to set forth the true names and capacities of such named defendants when their identities become known to them.

6.     Defendant is a "supervisor" or "manager" within the meaning of California Government Code § 12940, et seq.

7.     Plaintiff seek compensatory damages, costs of suit herein, and attorneys' fees pursuant to Cal. Gov't Code §12940 et seq.

8.     As a further legal result of the unlawful and wrongful actions of defendant and each of its agents against plaintiff as alleged herein, plaintiff has been harmed in that he has suffered emotional pain, humiliation, mental anguish, loss of enjoyment of life, and emotional distress.

9.     Plaintiff filed a complaint for retaliation, and wrongful termination with the DFEH requesting a 'right-to-sue' letter against Defendant on or around March 3, 2020, and

COMPLAINT

1  received 'right-to-sue letters' on or around March 3, 2020, all attached as Exhibit "A").

2  **JURISDICTION AND VENUE**

3      10.    Jurisdiction is proper in the Superior Court for the County of San Diego in San Diego,

4  pursuant to Section 410.10 of the California Code of Civil Procedure because it has general subject

5  matter jurisdiction and no statutory exceptions to jurisdiction exist.

6
7      11.    Venue is proper in the County of San Diego Central Division pursuant to Section

8  395.5 of the California Code of Civil Procedure because the obligations and liabilities of the

9  Defendant arose within the County of San Diego.

10  **GENERAL ALLEGATIONS**

11      12.    Defendant HARRIS is North America's self-proclaimed leading fabricator, installer

12  and distributor of concrete reinforcing steel and related products. HARRIS REBAR SERVICES

13  CORP, is owned by NUCOR INC., North America's largest producer of rebar and steel

14  products, with more than 70 locations across the United States and Canada.

15
16      13.    On August 1, 2017, HARRIS hired GALINDO as an Estimator. PLAINTIFF's duties

17  included, but were not were not limited to: organizing and delivering bids to new customers, scouting

18  new customers and communicating with current managers on tasks and upcoming projects.

19      14. Upon hiring, DEFENDANT placed all employees, including GALINDO, on a

20  probationary term for the first three (3) months of their employment. During the three (3) month

21  probationary term. GALINDO did not receive any negative oral or written feedback.

22
23      15.    Throughout his employment, GALINDO worked to the best of his ability in an

24  efficient and hard-working manner. He received no complaints or issues from his coworkers or

25  Defendant.

26      16.    Throughout GALINDO's employment, Manager Charles Moorman and employee

27  Dan Smith frequently and repeatedly ridiculed GALINDO. Moorman often approached

28  GALINDO, with Smith at his side, to ask ageist questions such as, "When are you going to

retire, Carlos?" "How old are you?" and "How long are you going to keep doing this?" To their

COMPLAINT

1  disappointment, GALINDO would firmly respond, "I will not retire" and "I have two children to
2  put through college" or words to that affect.

3      17. On one particular occasion, Moorman laughingly approached GALINDO and said,
4  "Don't tell me you want to keep working! Do you want to be like Earl!?" Earl was a former
5  employee of DEFENDANT and by far the oldest employee in the workplace. In response,
6  GALINDO stated, "Why not? If I can keep working, I will." GALINDO grew irritated by
7  Moorland and Smith's derived pleasure from poking fun at his age and working status.
8
9  GALINDO felt ashamed for working at his age but continued to work to provide for his family.

10      16.    On August 5, 2019, per Defendant's instruction, GALINDO submitted a confidential
11  survey, describing his perception and opinion of daily operations and on-staff managers, including but
12  not limited to the performance of Manager Charles Moorman. GALINDO likened Moorman's
13  managerial style to that of a tyrant and voiced ongoing challenges he and coworkers faced while
14  working alongside Moorman. Upon submission, Lisa Nelson, an employee at the location, collected
15
16  the surveys. Nelson was tasked with submitting the surveys to corporate, located in Phoenix, Arizona.
17  Upon collection, GALINDO grew anxious because he knew Nelson and Moorman remained close
18  confidants outside of the office, frequently camping together on their free time.

19      17. Shortly after GALINDO's survey submission, Moorland displayed negative deferential
20  treatment towards GALINDO. GALINDO became certain that Nelson had shared his confidential
21  survey feedback with Moorland, as the behavior shift was drastic and appeared to have occurred
22  almost overnight. Moorland, who once frequently shared morning banter with GALINDO, now
23  treated GALINDO like a foe, distancing himself from interaction and regularly making harsh verbal
24  criticism about GALINDO's work performance.
25

26      18. On July 25, 2019, GALINDO suffered a workplace injury. GALINDO's workplace
27  office consisted of a trailer with a mobile metal staircase, containing gaps between the stair steps. The
28  staircase was not anchored. While GALINDO stepped up a stair toward his office door, his right foot
    fell through a gap. Immediately, GALINDO fell and landed on his butt with his leg against his chest.

1  Shortly after, GALINDO's teammates reported the fall to Moorman. Moorman approached

2  GALINDO to ask if he was okay. GALINDO respond, "Yes, I am alright but the fall hurt" or words

3  to that effect.

4       19. The following week, GALINDO experienced severe pain in his back and tingling

5  numbness in his legs and lower extremities. On or about August 1, 2019, the following week, a

6  mobile emergency medical service arrives at DEFENDANT's location to treat GALINDO's injuries.

7  DEFENDANT summoned the company to treat GALINDO. The on-call service treated GALINDO

8  and recommended that he ice the wounds. At no point in time did DEFENDANT inform GALINDO

9  of his option to file a Workers' Compensation Claim nor do they ever provide GALINDO with the

10

11  paperwork to do so.

12       20. On or about August 7, 2019, the following week, the same mobile emergency medical

13  service arrived at DEFENDANT's location to perform a follow up treatment of GALINDO's

14  injuries. The service again recommended GALINDO ice the sore areas and this time also informed

15

16  him of stretches and exercises to help relieve ongoing painful symptoms.

17       21. On September 4, 2019 Moorland called GALINDO into his office to administer a

18  Disciplinary Action Report, citing to violations that had occurred in March 2018 and August 2019.

19  This was GALINDO's first offense and reprimand, throughout his nearly two (2) year employment

20  term with DEFENDANT. GALINDO felt confused and targeted by Moorland's report, as the

21  foundation of the report rested on allegations purported to have occurred months prior the meeting.

22

23  Moorland then instructed GALINDO to sign the report. In response, GALINDO requested that he be

24  afforded additional time to review the allegations, prior to signing the report. Moorland then

25  proceeded to phone DEFENDANT's Human Resources Department, located in Phoenix Arizona to

26  speak with a woman named Regina. Regina and Moorland discussed GALINDO's request for

27  additional time to review the report. Thereafter, GALINDO was provided three (3) days to review

28  and sign the report. Moorland and Regina instructed GALINDO to sign and submit the report no later

than September 9, 2019.

COMPLAINT

22. On September 9, 2019, GALINDO submitted the report to Moorland and Regina via email. GALINDO provided edits to each allegations with explanations, clarifying deficiencies and inaccuracies in the report. In response, Moorland confronted GALINDO and questioned his explanations to the report. For the following two (2) weeks after GALINDO's submission of the report, Moorland confronted GALINDO several times including but not limited to Friday, September 15, 2019 and Friday, September 22, 2019.

23. On September 27, 2019, Moorland and Regina summoned GALINDO into Moorland's office. Moorland then administered a second Disciplinary Action Report to GALINDO. In the second offense, Moorland referenced GALINDO's failure to acknowledge and provide accountability for the first offense through his September 9, 2019 write-up explanations of the Performance Improvement Plan. Moorland claims this failure warranted GALINDO's second write-up and report. GALINDO felt cornered and over-powered by Moorland and Regina's interrogatory demeanor and questioning. GALINDO pleaded with Moorland and Regina to further discuss the ongoing disputed allegations from the first report, however both denied further conversation and instead demanded that GALINDO sign and submit the second report. GALINDO stated he did not agree with the facts of the second report however, Moorland and Regina repeatedly dismissed these concerned and repeatedly demanded that GALINDO sign the report. Toward the end of the meeting, GALINDO grew exhausted. Finally, out of desperation and duress, GALINDO hastily signed the second report and quickly exited Moorland's office feeling defeated.

24. On September 30, 2019, Moorman called GALINDO into his office to discuss the second Disciplinary Action Report and the claims GALINDO contends are inaccurate. In this same meeting, Moorland asks GALINDO why he did not mention his ongoing backpain from the July 25, 2019 workplace fall. Moorland then tells GALINDO that his teammates had informed him of the severity of GALINDO's pain. Moorland proceeded to recommend GALINDO seek medical treatment from DEFENDANT's doctor in La Jolla, California, stating he is "great." Thereafter, GALINDO immediately made an appointment with DEFENDANT's doctor. On the same day, GALINDO

COMPLAINT

1  receives medical treatment from the doctor who performed X-rays and a physical examination of

2  GALINDO. GALINDO then sets-up a follow-up appointment with the doctor for the following week.

3      25. On October 4, 2019, DEFENDANT terminated GALINDO's employment.

4      26. On or about November 11, 2019, GALINDO received Workers' Compensation Forms

5  from DEFENDANT.

6      27. On or about November 13, 2019, GALINDO submits his Workers' Compensation Claim.

7      28. As a result of DEFENDANT'S termination, GALINDO struggles to secure new

8  employment and holds difficulty in resuming work as a free-lance estimator, due to lack of support

9  from former clients who GALINDO had remained unavailable to service due to his two (2) year

10 employment commitment to DEFENDANT.

11     29. Plaintiff contends Defendant terminated his employment due to Plaintiff's workplace

12 injury, his age, workplace complaints, complaints of retaliation and pursuit of filing a workers'

13 compensation claim. Defendants provided a hostile work environment and terminated Plaintiff's

14 employment due to complaints about hostile treatment and retaliation for workplace injuries. Plaintiff

15 has suffered emotional and monetary damages as a result.

16

17

18

19                     **FIRST CAUSE OF ACTION**

20                         **Age Discrimination**

21             **(Government Code §12940, *et seq*.))**

22

23     30.     Plaintiff incorporates herein by this reference all preceding paragraphs of the

24 Complaint as though fully set forth anew.

25     31.     Notwithstanding Plaintiff's longstanding qualifications, Defendant terminated

26 Plaintiff from his position in favor of retaining a much younger employee with a much higher salary

27 in order to keep him closer to LAX. Moreover, Plaintiff is informed and believes, and on that basis

28 alleges, that after his termination Defendant continued to identify an individual to perform the duties

1 that Plaintiff had loyally and faithfully performed over the years for Defendant who was younger than

2 Defendant and was willing to offer a higher salary than Defendant had paid Plaintiff.

3      32.    As a 64-year-old employee of the Defendant, Plaintiff SMOLLEN is a member of a

4 protected class and qualified to perform the duties and responsibilities of her position, with reasonable

5 accommodation for his disability.

6      33.    As a direct and proximate result of Defendant's conduct, Plaintiff has and will

7 continue to suffer past and future monetary losses. In addition, Plaintiff has and continues to suffer

8 the loss of other benefits related to his position with Defendant.

9      34.    As a legal result of the named Defendants' deliberate, outrageous, despicable

10 conduct, Plaintiff is entitled to recover punitive and exemplary damages in an amount

11 commensurate with each of Defendants' wrongful acts and sufficient to punish and deter future

12 similar reprehensible conduct.

13      35.    In addition to such other damages as may properly be recovered herein, Plaintiff

14 is entitled to recover prevailing party attorney fees.

14 ///

15 ///

16

17 **SECOND CAUSE OF ACTION**

18 **Disability Discrimination**

19 **(Government Code §12940, *et seq.*))**

20      36.    Plaintiff re-alleges and incorporates by reference the foregoing allegations as

21 though set forth herein.

22

23      37.    At all times herein mentioned, California Government Code §§ 12940, *et seq.* of

24 the Fair Employment and Housing Act ("FEHA") (and Title VII of the 1964 Civil Rights Act)

25 and the corresponding regulations of the California Department of Fair Employment and

26 Housing Act were in full force and effect and were binding on Defendant. These sections, *inter*

27 *alia*, require Defendant, as an employer, to refrain from discriminating against any employee on

28 the basis of, among other things, physical disability, mental disability, or perceived physical or

COMPLAINT

mental disability, race, age discrimination, including the prohibition against harassment in the workplace based on any of these characteristics.

38. Within the time provided by law, Plaintiff filed a complaint with the Equal Employment Opportunity Office and the California Department of Fair Employment and Housing, in full compliance with the law, and has received a right to sue letter, thereby exhausting any applicable administrative remedy requisite to the commencement of this lawsuit.

39. A true and correct copy of Plaintiff's Right to Sue Notice is attached hereto and marked as Exhibit "A," which is incorporated herein by reference.

40. Based on the misconduct alleged in this Complaint, Plaintiff alleges that Defendant's decision to terminate Plaintiff's employment and to discriminate against him was based on Plaintiff's physical disability and/or perceived physical disability.

41. As a result of the statutory violations, Plaintiff has suffered damages, in an amount to be determined according to proof at trial, but in excess of the jurisdictional minimum of this Court, including past, present and future damages, injuries, losses, costs, and attorneys' fees.

42. By reason of the foregoing, Plaintiff has been left without an adequate remedy at law and should be entitled to appropriate injunctive relief from this Court including, but not limited to, back-pay, front-pay, and any other applicable benefits of his employment that have been denied to him as a result of Defendants' unlawful and discriminatory acts.

43. As a further proximate result of the above-alleged misconduct, Plaintiff was required to and did retain attorneys and is therefore entitled to an award of attorneys' fees according to proof.

44. The above-alleged misconduct constitutes oppression, fraud or malice, thereby entitling Plaintiff to an award of punitive damages.

**THIRD CAUSE OF ACTION**
COMPLAINT

**Harassment and Retaliation in Violation of Fair Employment and Housing Act,**

**(Government Code § 12940(j))**

45.     Plaintiff re-alleges and incorporates by reference the foregoing allegations as though set forth herein.

46.     At all times herein mentioned, California Government Code §§ 12940, *et seq*. of the Fair Employment and Housing Act ("FEHA") (and Title VII of the 1964 Civil Rights Act) and the corresponding regulations of the California Department of Fair Employment and Housing Act were in full force and effect and were binding on Defendant.  These sections, *inter alia*, require Defendant, as an employer, to refrain from harassing or retaliating any employee on the basis of, among other things, their physical disability, mental disability, or perceived physical or mental disability, race, age discrimination.

47.     As alleged above, Plaintiff was subjected to a pattern of harassment and retaliation by his supervisor, who refused to provide Plaintiff reasonable accommodations for the purpose of hurting and harassing the Plaintiff based on his perceived (or actual) physical disabilities and/or because of the request for reasonable accommodations be made.

48.     As alleged above, Plaintiff believes and alleges that DEFENDANT and Manager Charles Moorland harassed Plaintiff GALINDO on numerous occasions when Moorland administered two consecutive Employee Disciplinary Actions, in response to Plaintiff's workplace injury and subsequent medical treatment for injuries.

49.     Knowing Plaintiff had to continue working with his work-related injury, and that such continued work without offering reasonable accommodations and/or the administration of worker's compensation claim forms.

50.     Further, Plaintiff believes and based thereon alleges that DEFENDANT engineered Plaintiff's termination because of DEFENDANT and Manager Charles Moorland's animus toward Plaintiff's disability and/or perceived disability.

COMPLAINT

51.     The foregoing conduct was retaliatory and harassing and not consented to, was based on Plaintiff's actual or perceived physical disability, and created an intimidating and hostile work environment.

52.     Such conduct constitutes illegal harassment in violation of Government Code §§ 12940(j) and (k) other provisions of FEHA.

53.     DEFENDANT is strictly liable for said harassment by Defendant's Manager Charles Moorland because at all times relevant, the misconduct alleged in this Complaint was committed by Plaintiff's supervisor.

54.     Defendants are also liable because they knew or should have known, through supervisors, of the illegal harassment of its employees and failed to take immediate and appropriate corrective action, which misconduct violates Government Code §§ 12940(j) and (k).

55.     Within the time provided by law, Plaintiff filed a complaint with the Equal Employment Opportunity Office and the California Department of Fair Employment and Housing, in full compliance with the law, and has received a right to sue letter, thereby exhausting any applicable administrative remedy requisite to the commencement of this lawsuit.

56.     A true and correct copy of Plaintiff's Right to Sue Notice is attached hereto and marked as Exhibit "A," which is incorporated herein by reference.

57.     As a proximate and legal result of the above-alleged misconduct, Plaintiff suffered damages in an amount according to proof.

58.     As a further proximate result of the above-alleged misconduct, Plaintiff lost employment benefits, including wages and fringe benefits, in an amount according to proof.

59.     By reason of the foregoing, Plaintiff has been left without an adequate remedy at law, and should be entitled to appropriate injunctive relief from this Court to be proven at trial.

60.     As a further proximate result of the above-alleged misconduct, Plaintiff was required to and did retain attorneys and is therefore entitled to an award of attorneys' fees according to proof.

COMPLAINT

61.     Plaintiff is informed and believes, and based thereon alleges, that in committing the aforesaid wrongful acts, Defendants acted with malice, oppression, and disregard of Plaintiff's rights and interests, thereby entitling Plaintiff to an award of punitive and exemplary damages.

///

///

///

///

///

///

## FOURTH CAUSE OF ACTION

### Failure to Take Prevent Discrimination

### (California Government Code §§ 12940(k))

62.     Plaintiff re-alleges and incorporates by reference the foregoing allegations as though set forth herein.

63.     At all times herein mentioned, California Government Code §§ 12940, *et seq.* of the Fair Employment and Housing Act ("FEHA") (and Title VII of the 1964 Civil Rights Act) and the corresponding regulations of the California Department of Fair Employment and Housing Act were in full force and effect and were binding on Defendant. These sections, *inter alia*, require Defendant, as an employer, to refrain from discriminating against any employee on the basis of, among other things, physical disability, mental disability, or perceived physical or mental disability, race, age discrimination, including the prohibition against harassment in the workplace based on any of these characteristics.

64.     Plaintiff is informed and believes and thereon alleges that DEFENDANT failed to take all steps reasonably necessary to prevent discrimination and harassment from occurring in violation of the applicable provisions of Government Code §§ 12940, *et seq.*

COMPLAINT

65.     Such failure to act and violation of FEHA caused Plaintiff to be harassed and discriminated against, as alleged above.

66.     Within the time provided by law, Plaintiff filed a complaint with the Equal Employment Opportunity Office and the California Department of Fair Employment and Housing, in full compliance with the law, and has received a right to sue letter, thereby exhausting any applicable administrative remedy requisite to the commencement of this lawsuit.

67.     A true and correct copy of Plaintiff's Right to Sue Notice is attached hereto and marked as Exhibit "A," which is incorporated herein by reference.

68.     Based on the misconduct alleged in this Complaint, DEFENDANT's conduct legally and directly caused Plaintiff to be harassed and suffer damages subject to proof at the time of trial.

69.     The above-alleged conduct caused Plaintiff to lose wages and fringe benefits in an amount according to proof.

70.     Plaintiff is entitled to recover attorneys' fees pursuant to the provisions of Government Code §§ 12940, *et seq.*

71.     The above-alleged conduct constitutes oppression, fraud or malice, thereby entitling Plaintiff to an award of punitive damages.


**FIFTH CAUSE OF ACTION**

**Failure to Accommodate and**

**Failure to Engage in the Interactive Process**

**(Government Code §§ 12926.1(e), 12940(m), and 12940 (n))**

72.     Plaintiff re-alleges and incorporates by reference the foregoing allegations as though set forth herein.

73.     At all times herein mentioned, California Government Code §§ 12940, *et seq.* of the Fair Employment and Housing Act ("FEHA") (and Title VII of the 1964 Civil Rights Act)

COMPLAINT

1   and the corresponding regulations of the California Department of Fair Employment and

2   Housing Act were in full force and effect and were binding on Defendant. These sections, *inter*

3   *alia*, require Defendant, as an employer, to engage in the interactive process with its employees

4   to determine the propriety of reasonable accommodations for employees that have or are

5   perceived to have disabilities.

6         74.    By engaging in the course of conduct as alleged above, DEFENDANT failed to

7   engage in a timely, good faith, interactive process with Plaintiff to determine effective

8   reasonable accommodations to the extent he needed them in violation of the applicable

9

10  provisions of Government Code §§ 12940, *et seq.*

11        75.    Within the time provided by law, Plaintiff filed a complaint with the Equal

12  Employment Opportunity Office and the California Department of Fair Employment and

13  Housing, in full compliance with the law, and has received a right to sue letter, thereby

14  exhausting any applicable administrative remedy requisite to the commencement of this lawsuit.

15        76.    A true and correct copy of Plaintiff's Right to Sue Notice is attached hereto and

16  marked as Exhibit "A," which is incorporated herein by reference.

17

18        77.    DEFENDANT's conduct legally and directly caused Plaintiff to suffer damages

19  subject to proof at the time of trial.

20        78.    The above-alleged conduct caused Plaintiff to lose wages and fringe benefits in an

21  amount according to proof.

22        79.    Plaintiff is entitled to recover attorneys' fees pursuant to the provisions of

23

24  Government Code §§ 12940, *et seq.*

25        80.    The above-alleged conduct constitutes oppression, fraud or malice, thereby

26  entitling Plaintiff to an award of punitive damages.

27                      **SIXTH CAUSE OF ACTION**

28              **Wrongful Termination in Violation of Public Policy**

COMPLAINT

81.   Plaintiff re-alleges and incorporates by reference the foregoing allegations as though set forth herein.

82.   During the time that Plaintiff worked for DEFENDANT Plaintiff is informed and believes and based thereon alleges that Plaintiff suffered egregious disability discrimination and/or perceived disability discrimination, and retaliation with respect to workplace complaints and requests for reasonable accommodations he made.

83.   Plaintiff believes and alleges that DEFENDANT terminated Plaintiff's employment because of his disability or perceived disability, and/or because of his requests for reasonable accommodations Plaintiff made for his disability and/or perceived disability.

84.   Based on the misconduct alleged in this Complaint, Plaintiff believes and alleges that Plaintiff's termination was wrongful because it was in violation of the public policy of the State of California in that Plaintiff's termination was based on DEFENDANT's dislike of Plaintiff's disability and/or perceived disability, and/or because of the workplace complaints and requests for reasonable accommodations Plaintiff made seeking accommodations for his disability and/or perceived disability and/or because he wanted to file a workers' compensation claim.

85.   Defendant's discharge of Plaintiff violated the public policy of the State of California, as expressed in provisions of the California Fair Employment and Housing Act (Government Code §12940, *et seq.*), the Constitution of the State of California, including Article I § 8; the California Civil Code; California Government Code §§ 12900, *et seq.*, including, but not limited to sections 12920, 12921, 12926.1, 12940, etc., which prohibit discrimination and the termination of an employee's employment because of, among other things, their race, age, and/or physical or mental disability (actual or perceived), and California Labor Code § 132, which prohibits the discrimination and termination of an employee that filed or threatens to file a workers' compensation claim.

COMPLAINT

86.   In terminating Plaintiff for these reasons and under the circumstances alleged herein, Defendant violated the fundamental public policies embodied in the Fair Employment and Housing Act, and other laws and regulations identified herein.

87.   As a direct, foreseeable, and proximate result of Defendants' wrongful termination of Plaintiff in violation of the public policy of the State of California, Plaintiff sustained damages in the form of lost and continued loss of income and benefits, and has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress, and discomfort all to Plaintiff's damage in an amount to be proven at trial.

88.   Because the acts taken toward Plaintiff were carried out by managerial employees acting in a deliberate, cold, callous, malicious, oppressive, and intentional manner in order to injure and damage Plaintiff, Plaintiff requests the assessment of punitive damages against Defendants in an amount appropriate to punish and make an example of DEFENDANT.

## SEVENTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

89.   Plaintiff re-alleges and incorporates by reference the foregoing allegations as though set forth herein.

90.   Based on the above-alleged acts, Defendants' misconduct was extreme, outrageous and done with the intent to cause emotional distress by endangering Plaintiff into working on and fixing the VRT ride operations with his injury or with reckless disregard of the probability of causing Plaintiff emotional distress.

91.   During the course of his employment with Defendant, Plaintiff was subjected to acts that were intentional, extreme, outrageous, and done with the intent to cause emotional distress or with reckless disregard of the probability of causing Plaintiff emotional distress, including but not limited to:

COMPLAINT

(a)    Plaintiff is informed and believes, and based thereon alleges, that Defendant intentionally disseminated Plaintiff's confidential survey feedback and submission.

(b)    Plaintiff is informed and believes, and based thereon alleges, that Manager Charles Moorland and Defendant's disciplinary action reports (2) against Plaintiff's performance were a pretextual guise for discriminatory employment practices, premised on PLAINTIFF's workplace injury and candid submission to the purportedly confidential survey exercise.

(c)    Plaintiff is informed and believes, and based thereon alleges, that Plaintiff was terminated for fabricated reasons, in that the real reason he was terminated is because of the above alleged misconduct committed by Manager Charles Moorland ratified by DEFENDANT; and

(d)    Plaintiff is informed and believes, and based thereon alleges, that Manager Charles Moorland and Defendant intentionally engineered Plaintiff's termination because they/it had an animus toward people with disabilities and or people that intend to file workers' compensation claims.

92.    As a direct and proximate result of the Defendant's conduct, Plaintiff is informed and believes, and based thereon alleges, that Plaintiff has been subjected to severe emotional distress and will continue to suffer severe and permanent humiliation, mental pain and anguish, and will continue to live in a constant state of emotional tension and distress.

93.    As a direct and proximate result of the Defendant, and its actions, Plaintiff is informed and believes, and based thereon alleges, that Plaintiff has suffered severe and serious damages, in an amount to be proven at trial.

94.    Plaintiff is informed and believes, and based thereon alleges, that in committing the aforesaid wrongful acts, Defendants acted with malice, oppression, and disregard of Plaintiff's rights and interests, thereby entitling Plaintiff to an award of punitive and exemplary damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff pray for judgment and relief as follows:

COMPLAINT

1.  For compensatory damages, including loss of wages, promotional opportunities, benefits and other opportunities of employment, according to proof;

2.  For mental and emotional distress damages;

3.  For injunctive and declaratory relief;

4.  A determination that Defendants violated Cal. Labor Code § 1102.5 (a), (b) and/or (c);

5.  For an award of interest, including prejudgment interest, at the legal rate;

6.  For an award of prevailing party attorney fees as allowed by Cal. Gov. Code § 12965(b);

7.  For punitive and exemplary damages in an amount sufficient to punish and deter defendants' outrageous conduct;

8.  For costs of suit herein; and

9.  For such other and further relied as the Court may deem just and proper.

The Larabee Law Firm

Dated: April 2, 2020

Joel Larabee, Esq.
Attorney for Plaintiff

COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT "A"**

COMPLAINT



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency        GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**      KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

March 3, 2020

Sarah Gallagher
8910 University Center Lane, Ste. 400
San Diego, California 92122
Sarah Gallagher
8910 University Center Lane, Ste. 400
San Diego, California 92122

RE: **Notice to Complainant's Attorney**
      DFEH Matter Number: 202003-09478903
      Right to Sue: Galindo / HARRIS REBAR SERVICES CORPORATION

Dear Sarah GallagherSarah Gallagher:

Attached is a copy of your complaint of discrimination filed with the Department of Fair
Employment and Housing (DFEH) pursuant to the California Fair Employment and
Housing Act, Government Code section 12900 et seq. Also attached is a copy of your
Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA I Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) I California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

March 3, 2020

RE: **Notice of Filing of Discrimination Complaint**
DFEH Matter Number: 202003-09478903
Right to Sue: Galindo / HARRIS REBAR SERVICES CORPORATION

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Department of Fair Employment and Housing (DFEH) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. This case is not being investigated by DFEH and is being closed immediately. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

March 3, 2020

Carlos Galindo
8910 University Center Lane, Ste. 400
San Diego, California 92122

RE:    **Notice of Case Closure and Right to Sue**
       DFEH Matter Number: 202003-09478903
       Right to Sue: Galindo / HARRIS REBAR SERVICES CORPORATION

Dear Carlos Galindo,

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective March 3, 2020 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

1
2
3
4

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

5

**In the Matter of the Complaint of**
Carlos Galindo

DFEH No. 202003-09478903

6

Complainant,

7

vs.

8
9

HARRIS REBAR SERVICES CORPORATION
28 Liberty Street
New York, New York 10005

10

Respondents

11
_____

12
13

1. Respondent **HARRIS REBAR SERVICES CORPORATION** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

14
15

2. Complainant **Carlos Galindo**, resides in the City of **San Diego** State of **California.**

16
17

3. Complainant alleges that on or about **November 13, 2019**, respondent took the following adverse actions:

18

**Complainant was harassed** because of complainant's disability (physical or mental), age (40 and over).

19
20
21

**Complainant was discriminated against** because of complainant's disability (physical or mental), age (40 and over) and as a result of the discrimination was terminated, laid off, reprimanded, asked impermissible non-job-related questions, denied reasonable accommodation for a disability.

22
23
24
25

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used a disability-related accommodation and as a result was terminated, laid off, reprimanded, asked impermissible non-job-related questions, denied reasonable accommodation for a disability.

26

27

-1-
*Complaint – DFEH No. 202003-09478903*

28

Date Filed: March 3, 2020

1

2   **Additional Complaint Details:** Defendant HARRIS is North America's self-
proclaimed leading fabricator, installer and distributor of concrete reinforcing steel
3   and related products. HARRIS REBAR SERVICES CORP, is owned by NUCOR
INC., North America's largest producer of rebar and steel products, with more than
4   70 locations across the United States and Canada.

5   On August 1, 2017, HARRIS hired GALINDO as an Estimator. PLAINTIFF's duties
included, but were not were not limited to: organizing and delivering bids to new
6   customers, scouting new customers and communicating with current managers on
7   tasks and upcoming projects.

8   Upon hiring, DEFENDANT placed all employees, including GALINDO, on a
probationary term for the first three (3) months of their employment. During the
9   three (3) month probationary term. GALINDO did not receive any negative oral or
written feedback.
10
Throughout his employment, GALINDO worked to the best of his ability in an
11   efficient and hard-working manner. He received no complaints or issues from his
coworkers or Defendant.
12
Throughout GALINDO's employment, Manager Charles Moorman and employee
13   Dan Smith frequently and repeatedly ridiculed GALINDO. Moorman often
approached GALINDO, with Smith at his side, to ask ageist questions such as,
14   "When are you going to retire, Carlos?" "How older are you?" and "How long are you
15   going to keep doing this?" To their disappointment, GALINDO would firmly respond,
"I will not retire" and "I have two children to put through college" or words to that
16   affect.

17   On one particular occasion, Moorman laughingly approached GALINDO and said,
18   "Don't tell me you want to keep working! Do you want to be like Earl!?" Earl was a
former employee of DEFENDANT and by far the oldest employee in the workplace.
19   In response, GALINDO stated, "Why not? If I can keep working, I will." GALINDO
grew irritated by Moorland and Smith's derived pleasure from poking fun at his age
20   and working status. GALINDO felt ashamed for working at his age but continued to
21   work to provide for his family.

22   On August 5, 2019, per Defendant's instruction, GALINDO submitted a confidential
survey, describing his perception and opinion of daily operations and on-staff
23   managers, including but not limited to the performance of Manager Charles
Moorman. GALINDO likened Moorman's managerial style to that of a tyrant and
24   voiced ongoing challenges he and coworkers faced while working alongside
Moorman. Upon submission, Lisa Nelson, an employee at the location, collected the
25   surveys. Nelson was tasked with submitting the surveys to corporate, located in
26

27                                              -2-
                              *Complaint – DFEH No. 202003-09478903*

28   Date Filed: March 3, 2020

1  Phoenix, Arizona. Upon collection, GALINDO grew anxious because he knew
   Nelson and Moorman remained close confidants outside of the office, frequently
2  camping together on their free time.

3  Shortly after GALINDO's survey submission, Moorland displayed negative
4  deferential treatment towards GALINDO. GALINDO became certain that Nelson had
   share his confidential survey feedback with Moorland, as the behavior shift was
5  drastic and appeared to have occurred almost overnight. Moorland, who once
   frequently shared morning banter with GALINDO, now treated GALINDO like a foe,
6  distancing himself from interaction and regularly making harsh verbal criticism about
7  GALINDO's work performance.

8  On July 25, 2019, GALINDO suffered a workplace injury. GALINDO's workplace
   office consisted of a trailer with a mobile metal staircase, containing gaps between
9  the stair steps. The staircase was not anchored. While GALINDO stepped up a stair
   toward his office door, his right foot fell through a gap. Immediately, GALINDO fell
10 and landed on his butt with his leg against his chest. Shortly after, GALINDO's
11 teammates reported the fall to Moorman. Moorman approached GALINDO to ask if
   he was okay. GALINDO respond, "Yes, I am alright but the fall hurt" or words to that
12 effect.

13 The following week, GALINDO experienced severe pain in his back and tingling
14 numbness in his legs and lower extremities. On or about August 1, 2019, the
   following week, a mobile emergency medical service arrives at DEFENDANT's
15 location to treat GALINDO's injuries. DEFENDANT summoned the company to treat
   GALINDO. The on-call service treated GALINDO and recommended that he ice the
16 wounds. At no point in time did DEFENDANT inform GALINDO of his option to file a
   Workers' Compensation Claim nor do they ever provide GALINDO with the
17 paperwork to do so.

18 On or about August 7, 2019, the following week, the same mobile emergency
19 medical service arrived at DEFENDANT's location to perform a follow up treatment
   of GALINDO's injuries. The service again recommended GALINDO ice the sore
20 areas and this time also informed him of stretches and exercises to help relieve
21 ongoing painful symptoms.

22 On September 4, 2019 Moorland called GALINDO into his office to administer a
   Disciplinary Action Report, citing to violations that had occurred in March 2018 and
23 August 2019. This was GALINDO's first offense and reprimand, throughout his
   nearly two (2) year employment term with DEFENDANT. GALINDO felt confused
24 and targeted by Moorland's report, as the foundation of the report rested on
   allegations purported to have occurred months prior the meeting. Moorland then
25 instructed GALINDO to sign the report. In response, GALINDO requested that he be

26

27                                      -3-
                        *Complaint – DFEH No. 202003-09478903*

28 Date Filed: March 3, 2020

1  afforded additional time to review the allegations, prior to signing the report.
   Moorland then proceeded to phone DEFENDANT's Human Resources Department,
2  located in Pheonix Arizona to speak with a woman named Regina. Regina and
3  Moorland discussed GALINDO's request for additional time to review the report.
   Thereafter, GALINDO was provided three (3) days to review and sign the report.
4  Moorland and Regina instructed GALINDO to sign and submit the report no later
   than September 9, 2019.
5
   On September 9, 2019, GALINDO submitted the report to Moorland and Regina via
6  email. GALINDO provided edits to each allegations with explanations, clarifying
7  deficiencies and inaccuracies in the report. In response, Moorland confronted
   GALINDO and questioned his explanations to the report. For the following two (2)
8  weeks after GALINDO's submission of the report, Moorland confronted GALINDO
   several times including but not limited to Friday, September 15, 2019 and Friday,
9  September 22, 2019.

10 On September 27, 2019, Moorland and Regina summoned GALINDO into
11 Moorland's office. Moorland then administered a second Disciplinary Action Report
   to GALINDO.  In the second offense, Moorland referenced GALINDO's failure to
12 acknowledge and provide accountability for the first offense through his September
   9, 2019 write-up explanations of the Performance Improvement Plan. Moorland
13 claims this failure warranted GALINDO's second write-up and report. GALINDO felt
14 cornered and over-powered by Moorland and Regina's interrogatory demeanor and
   questioning. GALINDO pleaded with Moorland and Regina to further discuss the
15 ongoing disputed allegations from the first report, however both denied further
   conversation and instead demanded that GALINDO sign and submit the second
16 report. GALINDO stated he did not agree with the facts of the second report
17 however, Moorland and Regina repeatedly dismissed these concerned and
   repeatedly demanded that GALINDO sign the report.  Toward the end of the
18 meeting, GALINDO grew exhausted. Finally, out of desperation and duress,
   GALINDO hastily signed the second report and quickly exited Moorland's office
19 feeling defeated.

20 On September 30, 2019, Moorman called GALINDO into his office to discuss the
21 second Disciplinary Action Report and the claims GALINDO contends are
   inaccurate. In this same meeting, Moorland asks GALINDO why he did not mention
22 his ongoing backpain from the July 25, 2019 workplace fall. Moorland then tells
   GALINDO that his teammates had informed him of the severity of GALINDO's pain.
23 Moorland proceeded to recommend GALINDO seek medical treatment from
   DEFENDANT's doctor in La Jolla, California, stating he is "great." Thereafter,
24 GALINDO immediately made an appointment with DEFENDANT's doctor. On the
25 same day, GALINDO receives medical treatment from the doctor who performed X-

26

27                                  -4-
                        *Complaint – DFEH No. 202003-09478903*
28 Date Filed: March 3, 2020

1     rays and a physical examination of GALINDO. GALINDO then sets-up a follow-up
2     appointment with the doctor for the following week.

3     On October 4, 2019, DEFENDANT terminated GALINDO's employment.

4     On or about November 11, 2019, GALINDO received Workers' Compensation
5     Forms from DEFENDANT.

6     On or about November 13, 2019, GALINDO submits his Workers' Compensation
       Claim.
7     As a result of DEFENDANT'S termination, GALINDO struggles to secure new
       employment and holds difficulty in resuming work as a free-lance estimator, due to
8     lack of support from former clients who GALINDO had remained unavailable to
       service due to his two (2) year employment commitment to DEFENDANT.
9     Plaintiff contends Defendant terminated his employment due to Plaintiff's workplace
       injury, his age, workplace complaints, complaints of retaliation and pursuit of filing a
10    workers' compensation claim. Defendants provided a hostile work environment and
11    terminated Plaintiff's employment due to complaints about hostile treatment and
       retaliation for workplace injuries. Plaintiff has suffered emotional and monetary
12    damages as a result.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28     Date Filed: March 3, 2020

1  VERIFICATION

2  I, **Sarah E. Gallaher,** am the **Attorney** in the above-entitled complaint.  I have read
3  the foregoing complaint and know the contents thereof.  The matters alleged are
   based on information and belief, which I believe to be true.

4
5  On March 3, 2020, I declare under penalty of perjury under the laws of the State of
   California that the foregoing is true and correct.

6                                                                  **San Diego, CA**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
                                      -6-
27  ─────────────────────────────────────────────────────────
                        *Complaint – DFEH No. 202003-09478903*
28  Date Filed: March 3, 2020

# EXHIBIT B

POS-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>**Jeel D. Larabee, Esq. SB #243117**<br>**The Larabee Law Firm**<br>**7676 Hazard Center Drive, Suite 500**<br>**San Diego, CA 92108**<br>TELEPHONE NO.: **(619) 376-1777**    FAX NO. (Optional): **619-342-8550**<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): **Plaintiff** | FOR COURT USE ONLY<br><br>ELECTRONICALLY FILED<br>Superior Court of California,<br>County of San Diego<br>06/17/2020 at 02:38:00 PM<br>Clerk of the Superior Court<br>By E-Filing, Deputy Clerk |

Superior Court of California, County of San Diego
STREET ADDRESS: **330 West Broadway**
MAILING ADDRESS:
CITY AND ZIP CODE: **San Diego, CA 92101**
BRANCH NAME: **Central Courthouse**

| | |
|---|---|
| PLAINTIFF/PETITIONER: **CARLOS GALINDO, an individua** | CASE NUMBER:<br>**37-2020-00015722-CU-WT-CTL** |
| DEFENDANT/RESPONDENT: **HARRIS REBAR SERVICES CORP., a Delaware corporation, et al** | |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>**Galindo vs. Harris Rebar** |

(Separate proof of service is required for each party served.)

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ summons
   b. ☑ complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet (served in complex cases only)
   e. ☐ cross-complaint
   f. ☑ other (specify documents):
   **NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE; NOTICE OF ELIGIBILITY TO eFILE AND ASSIGNMENT TO IMAGING DEPARTMENT; STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR)**

3. a . Party served (specify name of party as shown on documents served):
   **HARRIS REBAR SERVICES CORP., a Delaware corporation**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) (specity name and relationship to the party named in item 3a):
   **Daisy Montenegro - Person Authorized to Accept**

4. Address where the party was served:    **818 West 7th Street, Suite 930**
   **Los Angeles, CA 90017**

5. I served the party (check proper box)
   a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on (date):   **5/28/2020**   (2) at (time):  **12:22 PM**
   b. ☐ **by substituted service.** On (date):           at (time):           I left the documents listed in item 2 with or in the presence of (name and title or relationship to person indicated in item 3):

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc.,§ 415.20). I mailed the documents on (date):           from (city):           **or** ☐ a declaration of mailing is attached.
      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-O1O [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>548182 |

| PLAINTIFF/PETITIONER: | CARLOS GALINDO, an individua | CASE NUMBER: |
|---|---|---|
| DEFENDANT/RESPONDENT: | HARRIS REBAR SERVICES CORP., a Delaware corporation, et al | 37-2020-00015722-CU-WT-CTL |

5.  c. ☐ **by mail and acknowledgment of receipt of service.**  I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on (date):            (2) from (city):

    (3) ☐ with two copies of the Notice and Acknowledgment of Receipt and postage-paid return envelope addressed to me. (Attach completed Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § I15.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** (specify means of service and authorizing code section):

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

  a. ☐ as an individual defendant.

  b. ☐ as the person sued under the fictitious name of (specify):

  c. ☐ as occupant.

  d. ☑ On behalf of (specify):

    **HARRIS REBAR SERVICES CORP., a Delaware corporation**

    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☑ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**

  a. Name:   **Rocio Morales**
           **American Messenger Service, Inc.**

  b. Address:   **205 S. Broadway, Suite 925    Los Ageles, CA 90012**

  c. Telephone Number:   **(866) 444-0891**

  d. **The fee** for service was: $   **$95.00**

  e. I am:

    (1) ☐ not a registered California process server.

    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

    (3) ☑ a registered California process server.

      (i) ☐ Owner   ☑ Employee   ☐ Independent Contractor

      (ii) Registration No.:  **2018259964**

      (iii) County:  **Los Angeles, CA**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

  or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: **Monday, June 01, 2020**

    **Rocio Morales**
    (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)              (SIGNATURE)

548182